Marina Lang, Cal. Bar No. 251,087
mlang@socalip.com
Jonathan P. Pearce, Cal. Bar No.: 245,776
jpearce@socalip.com
Michael D. Harris, Cal. Bar No.: 59,470
mharris@socalip.com
SoCal IP Law Group LLP
310 North Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Haas Automation, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| Haas Automation, Inc., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>Guenther Steiner, an individual, and Ten Speed Press, an imprint of Penguin Random House LLC, a Delaware corporation,<br><br>Defendants. | No. 2:24-cv-3682<br><br>Complaint for Damages, Injunction and Equitable Relief for (1) Infringement of a Federally Registered Trademark [15 U.S.C. § 1114]; (2) Trade Dress Infringement [15 U.S.C. § 1125(a)(3)]; (3) False Designation of Origin, Unfair Competition, False or Misleading Advertising [15 U.S.C. § 1125(a)]; (4) Unfair Business Practices [California Common Law]<br><br>Jury Trial Demanded |

Plaintiff Haas Automation, Inc. ("Haas Automation" or "Plaintiff") for its complaint against defendant Guenther Steiner ("Steiner") and defendant Ten Speed Press ("Ten Speed Press") an imprint of Penguin Random House LLC ("Steiner" and "Ten Speed Press" are referred to collectively hereafter as "Defendants"), alleges under information and belief as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Haas Automation is a corporation duly organized and existing under the laws of the State of California and has a head office at 2800 Sturgis Road, Oxnard, California 93030.

Complaint for Trademark Infringement

1

Haas Automation, Inc. v. Steiner, et al.
Case No.:  2:24-cv-3682

2.     Steiner is an individual residing at 551 Isle of Pine Road, Mooresville, North Carolina 28117.

3.     Ten Speed Press is an imprint of Penguin Random House LLC, a corporation duly organized and existing under the laws of the State of Delaware, with a head office located at 6001 Shellmound Street, Suite 600, Emeryville, California 94608.

4.     This is an action against the Defendants for (1) Trademark Infringement under 15 U.S.C. § 1114, (2) Trade Dress Infringement under 15 U.S.C. § 1125(a)(3), (3) False Designation of Origin, Unfair Competition, False or Misleading Advertising under 15 U.S.C. § 1125(a), and (4) California common law unfair business practices.

5.     The Court has original subject matter jurisdiction over claims 1 through 3 relating to trademark infringement, trade dress infringement, and false designation of origin, unfair competition, false or misleading advertising, pursuant to 15 U.S.C. §§ 1116 and/or 1121(a). The Court also has original subject matter jurisdiction over those claims under 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States. The Court has supplemental jurisdiction over the claims which arise under state statutory and common law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts, and because the state law claim of unfair competition is joined with a substantial and related claim under the trademark laws.

6.     This Court has personal jurisdiction over Defendants because, among other reasons, Defendants have committed acts of trademark infringement, trade dress infringement, false designation of origin, and unfair competition in California and in this Judicial District by, including but not limited to, using infringing marks in connection with the advertisement, marketing, promotion, sale, and offering for sale of goods, including infringing goods, to customers located in this state and in this Judicial District. Defendants also utilize the business headquarters of Ten Speed Press, a publishing business located at 6001 Shellmound Street, Suite 600, Emeryville, California 94608,

to conduct most of their business activities. At and from this Emeryville, California business location, Defendants made, created, published, manufactured, shipped, and sold at least 150,000 infringing goods generating revenue of at least $4,500,000. Defendants utilized, including without limitation, highly interactive websites that are continuously accessible and sell and deliver goods to consumers in this Judicial District and throughout the state of California such as tenspeed.com, amazon.com, barnesandnoble.com, walmart.com, target.com, penguinrandomhouse.com, booksamillion.com, crownpublishing.com, bookshop.org, hudsonbooksellers.com, powells.com, as well as physical bookstores, actual storefronts, and large retail store chains located in this Judicial District and throughout California, including without limitation, Barnes and Noble, Target, and Walmart.  Defendants also shipped goods, including infringing goods, to consumers in this Judicial District and throughout California utilizing a variety of shipping methods and carriers located in this Judicial District and throughout the state of California. Defendants utilized California's Ports to sell, ship, receive, send, export, import, and move goods, including infringing goods, including ports located in this Judicial District, as part of their business activities. Defendants sold, shipped, and delivered goods, including infringing goods, to customers with addresses located in this Judicial District and throughout the state of California. Defendants utilized a business headquarters located in California to commit acts of trademark infringement, trade dress infringement, false designation of origin, and unfair competition in California and in this judicial district by, including but not limited to, using infringing marks in connection with the advertisement, marketing, promotion, sale, and offering for sale of goods to customers located in this state and in this Judicial District. Further, through their business acts that are based in the state of California, including in this Judicial District, Defendants derive substantial revenue and Defendants expected or reasonably should have expected their infringing acts to have consequences in this Judicial District, which is where Plaintiff has its principal place

of business in the state of California.  Defendants' acts form a substantial part of the transactions, occurrences, events, and/or omissions giving rise to Plaintiff's claims.

7.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events complained of herein took place in this Judicial District and caused damages to Plaintiff in this Judicial District. Venue also is proper against defendant Ten Speed Press, because it is an entity with the capacity to sue and be sued in its common name under applicable law and is subject to the court's personal jurisdiction to this action under 28 U.S.C. § 1391(b). Additionally, because Defendants regularly conduct business in California and in this District as described in paragraph 6, the requisite minimum contacts to be subject to personal jurisdiction in California under 28 U.S.C. § 139l(c) are met. Plaintiff has its principal place of business in this venue and conducts substantial business within this venue. Defendants purposefully and willfully advertised, sold, and distributed infringing goods in this Judicial District. Defendants' actions within this district directly interfere with and damage Plaintiff's commercial efforts and endeavors and harms the Plaintiff's goodwill within this venue in this district. Defendants expected or reasonably should have expected their infringing acts to have consequences in this Judicial District, which is where the Plaintiff is headquartered and where the Plaintiff has its principal place of business. Defendants' unlawful acts taken against the Plaintiff in this venue in this district form the substantial part of the transactions, occurrences, events, and/or omissions giving rise to Plaintiff's claims and damages.

## GENERAL ALLEGATIONS FOR ALL CLAIMS

8.      Founded in 1983 by industrialist and CEO Gene Haas, Haas Automation is an American machine tool builder headquartered in Oxnard, California.

9.      Both Gene Haas and Haas Automation had and have a major presence in motorsports, with Gene Haas having formed the NASCAR team Haas CNC Racing (now a part owner of Stewart-Haas Racing) in 2002 and the Formula One team Haas F1

Team, in 2014.  Haas Automation was the first company to sponsor both NASCAR and Formula One teams.

10.     Gene Haas's race teams are used to promote Haas Automation and the goods and services of Haas Automation. Haas Automation's race teams promote the Haas Automation machine tool business and increase widespread recognition of the Haas Automation brand and the Haas Automation family of trademarks that are all exclusively owned by Haas Automation.

11.     Haas Automation has achieved extensive exposure and widespread recognition of the Haas Automation brand and the Haas Automation family of trademarks that are all exclusively owned by Haas Automation through its extensive marketing and promotion of the brand through motorsports and through its extensive advertising and sale of its machine tools and other products. Haas Automation is the largest machine tool builder in the United States and is among the largest machine tool builders in the world.

12.     Haas Automation is the owner of numerous trademarks, registered nationally and internationally, including but not limited to, the following U.S. Trademarks (hereafter the "Haas Automation Trademarks"):

| Trademark Name | Country | Class | Status | App. Number | File Date | Reg. Number | Reg. Date |
|---|---|---|---|---|---|---|---|
| HAAS (logo) | US | 7 | Registered | 78033812 | 11/3/2000 | 2573776 | 5/28/2002 |
| HAAS | US | 25, 41 | Registered | 87106392 | 7/16/2016 | 5235308 | 7/4/2017 |
| HAAS | US | 7, 35, 37 | Registered | 86143318 | 12/13/2013 | 4583627 | 8/12/2014 |
| HAAS (logo) | US | 7, 25, 35, 37, 41 | Registered | 87074321 | 6/16/2016 | 5221352 | 6/13/2017 |
| (logo) | US | 7 | Registered | 77245326 | 8/2/2007 | 3425874 | 5/13/2008 |
| (logo) | US | 41 | Registered | 86773987 | 9/30/2015 | 5775813 | 6/11/2019 |
| (logo) | US | 25 | Pending | 98031380 | 6/7/2023 | | |

Complaint for Trademark Infringement

5

Haas Automation, Inc. v. Steiner, et al.
Case No.:  2:24-cv-3682

13.     Pursuant to 15 U.S.C. § 1065, U.S. Trademark Registration Nos. 2,573,776; 5,235,308; 4,583,627; 5,221,352; 3,425,874; and 5,775,813 identified in Paragraph 12 above are incontestable and attached hereto as Exhibit 1 are true and correct copies of these registrations. Because of Haas Automation's substantial investment in and use of the Haas Automation Trademarks, the Haas Automation Trademarks are famous and well-known among the general U.S. public.

14.     To create and maintain goodwill among its customers, Haas Automation and its subsidiaries and licensees have taken significant steps to assure that all uses and displays of the Haas Automation Trademarks are of the highest quality. The Haas Automation Trademarks are extremely valuable to Haas Automation because consumers purchase Haas Automation's goods and services based on the goodwill and quality that the Haas Automation Trademarks signify.

15.     As a result of Haas Automation's widespread, exclusive, and continuous use of its Haas Automation Trademarks to identify the source of its goods and services, Haas Automation owns valid and subsisting federal statutory and common law rights to the Haas Automation Trademarks.

16.     For at least 25 years, Haas Automation has also consistently and extensively used a distinctive trade dress in connection with the appearance and display of its goods and services and in connection with the promotion and advertising of its goods and services. This trade dress includes prominent use of the color red in combination with the colors white and/or black displayed in a visually distinctive manner, stylization, layout, and font ("the Haas Automation Trade Dress"). Haas Automation enjoys national recognition and goodwill in the Haas Automation Trade dress. Haas Automation has invested substantial resources to innovate the visually distinct, stand-out, commercially impressive Haas Automation Trade Dress. As a result of Haas Automation's substantial use and promotion of its Haas Automation Trade Dress, Haas Automation has obtained strong common law rights in the Haas Automation Trade Dress, which are not only inherently distinctive but have also acquired strong secondary

meaning. Customers in this Judicial District and elsewhere readily recognize the Haas Automation Trade Dress as distinctive designations of the origin of Haas Automation's goods and services. The Haas Automation Trade Dress is an intellectual property asset of enormous value as it serves as a symbol of Haas Automation and its quality, reputation, and goodwill.

17.     The Haas Automation Trademarks and the Haas Automation Trade Dress are a source indicator for all Haas Automation products and services. Haas Automation has used its distinctive marks and trade dress continuously and conspicuously for several decades and has spent tens of millions of dollars in advertising associated with its Haas Automation Trademarks and Haas Automation Trade Dress across the United States. Because of Haas Automation's substantial investment in and use of the Haas Automation Trademarks and the Haas Automation Trade Dress, Haas Automation is famous and well-known among U.S. purchasers of its machining products, and among the general U.S. public. The famous Haas Automation Trademarks and Haas Automation Trade Dress are displayed in connection with the promotion of Haas Automation, its goods and services, and its Haas Formula 1 racing team – the Haas F1 Team – owned by Gene Haas and sponsored by Haas Automation, including on the race car itself, its parts, tools, machinery, uniform, clothing, gear, accessories, and more. The below images are true and correct exemplars of how the Haas Automation Trademarks and Haas Automation Trade Dress are used in connection with the advertising, promotion, and sale of the Haas Automation goods and services:

- haascnc.com:



Complaint for Trademark Infringement

7

Haas Automation, Inc. v. Steiner, et al.
Case No.:  2:24-cv-3682





Complaint for Trademark Infringement

8

Haas Automation, Inc. v. Steiner, et al.
Case No.:  2:24-cv-3682

- parts.haascnc.com:



- Haas F1 Team owned by Gene Haas and sponsored by Haas Automation:











18.     Haas Automation has and continues to widely market and promote its Haas Automation Trademarks and the Haas Automation Trade Dress by displaying the marks and trade dress on its products, its motorsports sponsorships, on its promotional and point of sale materials, on apparel and merchandise, in magazines and other industry publications, on Haas Automation's own and other Internet websites, on press releases, on social media sites, at trade shows, at racing events, and through signage at live events, among other extensive uses and displays.

19.     Steiner is a former employee of Haas Formula, LLC, a North Carolina limited liability company, which is engaged in operating the Formula 1 racing team owned by Gene Haas and sponsored by Haas Automation. Gene Haas is the sole owner of both Haas Automation and Haas Formula, LLC, as well as a number of other companies. Haas Automation is a sponsor of the Formula 1 racing team and pays to have the Haas Automation Trademarks and the Haas Automation Trade Dress displayed and used on the cars, team apparel, and team promotion materials as advertising for Haas Automation and the goods and services of Haas Automation.

20.     In 2023, without permission or consent from Haas Automation, Steiner authored, marketed, promoted, sold, distributed, and profited from a publication titled "Surviving to Drive" (the "Accused Product"), which unlawfully used and displayed, and continues to use and display, the Haas Automation Trademarks and the Haas Automation Trade Dress for Steiner's personal financial gain and illicit profit. Haas Automation never consented to Steiner's use of the Haas Automation Trademarks or the Haas Automation Trade Dress on the Accused Product. Steiner knew that Haas Automation was the exclusive owner of the Haas Automation Trademarks and the Haas Automation Trade Dress, but he never obtained any permission, license, consent, or authorization of any kind from Haas Automation to copy, use, and display, for commercial gain, any of the Haas Automation Trademarks or the Haas Automation Trade Dress. Steiner has sold and is selling the Accused Product with packaging and advertising that intentionally copies the Haas Automation Trademarks and the Haas

Automation Trade Dress for the sole purpose of benefiting from and trading off of Haas Automation's famous name and pre-established consumer recognition, fame, goodwill, and reputation. Steiner acted and continues to act with intent and with a total disregard for the harm he caused and continues to cause to Haas Automation. Haas Automation gave pre-lawsuit notice to Steiner but to date Steiner has taken no action to cease or mitigate his infringing acts, necessitating the instant lawsuit. Steiner sells and promotes the Accused Product in various mediums, including without limitation print and digital, in violation of Haas Automation's exclusive intellectual property rights. Information available online indicates that as of January 2024, the Accused Product has exceeded sales of at least 150,000 units and generated revenue of at least $4,500,000.

21.     Ten Speed Press is a California-based publishing company. In 2023, without permission or consent from Haas Automation, Ten Speed Press published the Accused Product, which unlawfully used and uses the Haas Automation Trademarks and the Haas Automation Trade Dress, in various mediums, including without limitation print and digital, in violation of Haas Automation's exclusive intellectual property rights. Ten Speed Press knew that Haas Automation was the exclusive owner of the Haas Automation Trademarks and the Haas Automation Trade Dress, but they never sought or obtained any permission, license, consent, or authorization of any kind from Haas Automation to copy, use, and display, for commercial gain, any of the Haas Automation Trademarks or the Haas Automation Trade Dress. Ten Speed Press has sold and is selling the Accused Product with packaging and advertising that intentionally copies the Haas Automation Trademarks and the Haas Automation Trade Dress for the sole purpose of benefiting from and trading off of Haas Automation's famous name and pre-established consumer recognition, fame, goodwill, and reputation. Ten Speed Press has acted and continues to act with intent and with a total disregard for the harm it caused and continues to cause to Haas Automation. Information available online indicates that as of the January 2024, the Accused Product has

exceeded sales of at least 150,000 units and generated revenue of at least $4,500,000; true and correct copy of images of the published Accused Product are shown below:










Complaint for Trademark Infringement

13

Haas Automation, Inc. v. Steiner, et al.
Case No.:  2:24-cv-3682

















22.     Defendants, each of them, utilized, including without limitation, highly interactive websites that are continuously accessible to publish, sell, promote, advertise, ship, and deliver the Accused Product to consumers in this Judicial District and throughout the state of California and throughout the United States, including at tenspeed.com, amazon.com, barnesandnoble.com, walmart.com, target.com, penguinrandomhouse.com, booksamillion.com, crownpublishing.com, bookshop.org, hudsonbooksellers.com, powells.com, as well as via physical bookstores, actual storefronts, and large retail store chains located in this Judicial District and throughout California, including without limitation, Barnes & Noble, Target, and Walmart.

### FIRST CLAIM FOR RELIEF – ALL DEFENDANTS

### INFRINGEMENT OF REGISTERED TRADEMARK (15 U.S.C. § 1114)

23.     Haas Automation hereby repeats and realleges the foregoing paragraphs of this Complaint as though fully set forth herein.

24.     Haas Automation owns valid and enforceable federally registered trademarks for the Haas Automation Trademarks.

25.     Defendants used in commerce, without permission from Haas Automation, marks which are a colorable imitation of and/or confusingly similar to the Haas Automation Trademarks, in connection with the advertising, marketing, promoting, and/or sale of Defendants' goods.

26.     Defendants' unauthorized use in commerce as alleged herein is likely to cause confusion or mistake, or to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Haas Automation, or that Defendants are in some way affiliated with or sponsored by Haas Automation. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

27.     Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Haas Automation's prior exclusive rights in the Haas Automation Marks and they each acted with the willful intent to cause confusion in the marketplace and trade on Haas Automation's considerable goodwill.

28.     Defendants, by each of their actions, have damaged Haas Automation in an amount to be determined at trial.

29.     Defendants, by each of their actions, have irreparably injured Haas Automation. Such irreparable injury will continue unless the Defendants are preliminarily and permanently enjoined by this Court from further violation of Haas Automation's rights, for which Haas Automation has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF  - ALL DEFENDANTS
### TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125(A)(3))

30.     Haas Automation hereby repeats and realleges the foregoing paragraphs of this Complaint as though fully set forth herein.

31.     As a result of the widespread use and promotion of Haas Automation's Trademarks and Trade Dress, the marks and trade dress have acquired strong fame and secondary meaning to consumers and potential consumers, in that consumers and potential consumers have come to associate the Haas Automation Trademarks and Haas Automation Trade Dress with Haas Automation and the goods and services of Haas Automation.

32.     The majority of Haas Automation's products sold under the Haas Automation Trade Dress for over 25 years bear one or more of Haas Automation's well-known Haas Automation Trademarks and/or the Haas Automation Trade Dress. The Haas Automation Trademarks and the Haas Automation Trade Dress often appear on products in the same colors, design, layout, commercial appearance, and at the same point of sale location, and are accompanied by point of-sale materials bearing one or more of the Haas Automation Marks, such that consumers frequently see several Haas Automation Trademarks and the Haas Automation Trade Dress displayed together and

have come to recognize Haas Automation's family of Haas Automation Trademarks and Haas Automation Trade Dress as a source indicator of Haas Automation and its goods and services.

33.     Defendants' actions are likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and are likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Haas Automation, or that the Defendants are in some way affiliated or sponsored by Haas Automation, when they are not.

34.     Defendants' conduct as alleged herein constitutes trademark infringement, trade dress infringement, false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35.     Upon information and belief, Defendants had actual knowledge of Haas Automation's prior ownership and prior exclusive use of the Haas Automation Trademarks and/or the Haas Automation Trade Dress. Defendants' conduct as alleged herein is willful, and is intended and likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Haas Automation, when there is none.

36.     Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Haas Automation's prior rights in the Haas Automation Marks and with the willful intent to cause confusion and trade on Haas Automation's considerable goodwill.

37.     Defendants, by each of their actions, have damaged Haas Automation in an amount to be determined at trial.

38.     Defendants, by each of their actions, have irreparably injured Haas Automation. Such irreparable injury will continue unless the Defendants are preliminarily and permanently enjoined by this Court from further violation of Haas Automation's rights, for which Haas Automation has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF – ALL DEFENDANTS
### FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(A))

39.   Haas Automation hereby repeats and realleges the foregoing paragraphs of this Complaint as though fully set forth herein.

40.   As a result of the widespread use and promotion of Haas Automation's Trademarks and Trade Dress, the marks and trade dress have acquired strong fame and secondary meaning to consumers and potential consumers, in that consumers and potential consumers have come to associate the Haas Automation Trademarks and Haas Automation Trade Dress with Haas Automation and the Haas Automation goods and services.

41.   The majority of Haas Automation's products sold under the Haas Automation brand for over 25 years, bear one or more of Haas Automation's well-known Haas Automation Trademarks and/or Haas Automation Trade Dress. The Haas Automation Trademarks and the Haas Automation Trade Dress often appear on products in the same colors, same point of same location, and are accompanied by point of-sale materials bearing one or more of the Haas Automation Marks, such that consumers frequently see several Haas Automation Trademarks and Haas Automation Trade Dress displayed together and have come to recognize Haas Automation's family of Haas Automation Trademarks and Haas Automation Trade Dress as a source indicator for Haas Automation and the goods and services of Haas Automation.

42.   Defendants' actions are likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and are likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Haas Automation, or that the Defendants are in some way affiliated or sponsored by Haas Automation, when they are not.

43.   Defendants' conduct as alleged herein constitutes trademark infringement, trade dress infringement, false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44.     Upon information and belief, Defendants had actual knowledge of Haas Automation's prior ownership and prior use of the Haas Automation Trademarks and/or the Haas Automation Trade Dress. Defendants' conduct as alleged herein is willful, and is intended and likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Haas Automation, when there is none.

45.     Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Haas Automation's prior rights in the Haas Automation Trademarks and/or Haas Automation Trade Dress with the willful intent to cause confusion and trade on Haas Automation's considerable goodwill.

46.     Defendants, by each of their actions, have damaged Haas Automation in an amount to be determined at trial.

47.     Defendants' activities create the false and misleading impression that Haas Automation sanctions, assigns or authorizes each of the Defendants to use one or more of the Haas Automation Trademarks and/or Haas Automation Trade Dress with the promotion and sale of its goods.

48.     Defendants engaged in the foregoing activities intending to confuse and deceive the public into believing that Defendants and the goods they sell are sponsored, affiliated, or associated with Haas Automation, when they are not.

49.     Defendants' use of one or more of Haas Automation Trademarks and/or Haas Automation Trade Dress has been without Haas Automation's consent, is likely to cause confusion and mistake in the public's minds and tends to and does falsely create the impression that Haas Automation warranted, authorized, sponsored, or approved the goods emanating from the Defendants.

50.     Defendants' unauthorized use of one or more of the Haas Automation Trademarks and/or the Haas Automation Trade Dress resulted in each of the Defendants unfairly profiting and benefiting from the reputation, fame, and goodwill associated with Haas Automation, its goods and services, and the Haas Automation Trademarks

and/or Haas Automation Trade Dress, causing substantial and irreparable injury to Haas Automation and the public.

51.  Defendants' actions damage Haas Automation and violate its rights in violation of 15 U.S.C. § 1125(a).

52.  Defendants, by each of their actions, have irreparably injured Haas Automation. Such irreparable injury will continue unless the Defendants are preliminarily and permanently enjoined by this Court from further violation of Haas Automation's rights, for which Haas Automation has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF – ALL DEFENDANTS

### CALIFORNIA COMMON LAW UNFAIR BUSINESS PRACTICES

53.  Haas Automation hereby repeats and realleges the foregoing paragraphs of this Complaint as though fully set forth herein.

54.  Defendants had the ability to avoid the promotion, sale, and distribution of infringing goods to consumers and other third parties, but instead of preventing those acts, the Defendants unlawfully infringed the Haas Automation Trademarks and/or the Haas Automation Trade Dress to promote, sell, and distribute products to the detriment of Haas Automation.

55.  Defendants' sale and distribution of its goods used false designations of origin and false and misleading descriptions and representations, including the Haas Automation Trademarks and/or Haas Automation Trade Dress, which falsely describe the origin, sponsorship, association, or approval by Haas Automation of the goods that the Defendants each sell and that the Defendants each unfairly and unjustly profit from.

56.  Defendants and their goods are not endorsed or sanctioned by Haas Automation. Defendants' use of the Haas Automation Trademarks and/or Haas Automation Trade Dress and/or confusingly similar copies on its products is likely to cause consumers, the public and the trade to erroneously believe that the goods sold by Defendants emanate or originate from Haas Automation, or that the items are

authorized, sponsored, or approved by Haas Automation, even though they are not. This confusion causes irreparable harm to Haas Automation and weakens the distinctive quality of the Haas Automation Trademarks and/or Haas Automation Trade Dress.

57.    Defendants' use of the Haas Automation Trademarks and Haas Automation's distinctive logos and designs constitutes false descriptions and representations falsely describing or representing Defendants and their products as authorized, sponsored, affiliated, or associated with Haas Automation.

58.    Through e-commerce and through physical retail stores, Defendants each advertise and sell misleading goods displaying the same or similar marks and trade dress as Haas Automation.

59.    Defendants' acts are likely to cause the public to believe Defendants' goods are authentic goods made by Haas Automation. The deception influences purchasing decisions by consumers and creates a likelihood of injury to Haas Automation.

60.    Defendants' unauthorized use of the Haas Automation Trademarks and/or Haas Automation Trade Dress permitted Defendants to palm off its goods as those of Haas Automation, all to Haas Automation's detriment and Defendants' unjust enrichment.

61.    Knowing the esteem the public holds for Haas Automation, the Haas Automation Trademarks, and the Haas Automation product line, Defendants intended to and traded on the goodwill associated with the Haas Automation Trademarks and will continue to mislead the public into assuming a connection between Haas Automation and the Defendants and the Defendants' unauthorized goods.

62.    Defendants' unauthorized use of the Haas Automation Trademarks and/or the Haas Automation Trade Dress caused and likely will continue to cause damage to Haas Automation by tarnishing the valuable reputation and image associated with Haas Automation and its goods and services. Defendants palmed off its goods and services as those of Haas Automation, which amounts to them engaging in acts of

false labeling and false misrepresentations to the public, members of which are likely to believe that Defendants' products and services emanate from or are associated with Haas Automation.

63.    Defendants' acts cause Haas Automation damages.

64.    Because of these foregoing acts, Defendants are each liable to Haas Automation for: (a) compensatory damages or Defendants' illicit profits; and (b) punitive damages in an amount sufficient to punish Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Haas Automation prays for the following relief:

A.    That the Court render a final judgment in favor of Haas Automation and against the Defendants, each of them as jointly and severally liable on all claims for relief alleged herein;

B.    Entry of judgment that Defendants have infringed the Haas Automation Trademarks in violation of Haas Automation's rights under 15 U.S.C. § 1114 and under common law; violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) by willfully infringing the Haas Automation Trademarks and/or the Haas Automation Trade Dress by using a false designation of origin, through the marketing, sale, and promotion of Defendants' products and/or services; and Section 32 of the Lanham Act (15 U.S.C. § 1114) by willfully infringing the Haas Automation Trademarks and/or Haas Automation Trade Dress;

C.    Entry of judgment that Defendants have violated California law for its unfair business practices and acts of trademark infringement;

D.    Entry of an order directing Defendants to provide to Haas Automation for destruction any unlawful products or materials, and to compensate Haas Automation for any advertising or other expenses necessary to dispel the public confusion caused by Defendants' unlawful acts;

E.      Entry of an order directing that the Defendants, its agents, servants, employees, attorneys, successors, affiliates, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive notice of the Court's order by personal service or otherwise, be forthwith preliminarily and permanently enjoined from using any of the Haas Automation Trademarks and Haas Automation Trade Dress with the advertising, promotion, or sale of any of Defendants' products and/or services;

F.      Entry of a judgment against Defendants for monetary damages in an amount to be proven including but not limited to, statutory damages and all amounts necessary to compensate Haas Automation for Defendants' wrongful use of the Haas Automation Trademarks and Haas Automation Trade Dress, including reasonable attorneys' fees and costs;

G.      Entry of a judgment against Defendants for legal fees upon a finding this case is exceptional under 15 U.S.C. § 1117, and for increased damages upon a finding of willfulness in Defendants' unlawful acts alleged regarding their unauthorized use and display for commercial gain of the Haas Automation Trademarks and the Haas Automation Trade Dress, which they did to confuse the public and cause harm to Haas Automation, said award to equal at least treble Defendants' actual damages under 15 U.S.C. § 1117;

H.      That Haas Automation be awarded restitution and disgorgement; and

I.      That Haas Automation be awarded such other and further relief as this Court may deem just.

Respectfully submitted,

May 3, 2024

/s/ Marina Lang
Marina Lang
SoCal IP Law Group LLP

Attorney for Plaintiff Haas Automation, Inc.

**DEMAND FOR JURY TRIAL**

Under Rule 38(b) of the Federal Rules of Civil Procedure, Haas Automation respectfully demands trial by jury on all issues raised by this Complaint.

May 3, 2024

/s/ Marina Lang
Marina Lang
SOCAL IP LAW GROUP LLP

Attorney for Plaintiff Haas Automation, Inc.