1  Elizabeth L. Schilken (State Bar No. 241231)
     *Email: SchilkenE@ballardspahr.com*
2  BALLARD SPAHR LLP
   2029 Century Park East, Suite 1400
3  Los Angeles, CA  90067-2915
   Tel.: 424.204.4400
4  Fax: 424.204.4350

5  Lynn Oberlander (*pro hac vice*)
     *Email: OberlanderL@ballardspahr.com*
6  BALLARD SPAHR LLP
   1675 Broadway, 19th Floor
7  New York, NY 10019-5820
   Tel.: 212.223.0200
8  Fax: 212.223.1942

9  Attorneys for Defendants
   GUENTHER STEINER and
10 TEN SPEED PRESS, an imprint of
   PENGUIN RANDOM HOUSE LLC

11

12

13            UNITED STATES DISTRICT COURT

14           CENTRAL DISTRICT OF CALIFORNIA

15                 WESTERN DIVISION

16

17 HAAS AUTOMATION, INC., a          Case No. 2:24-cv-03682-AB-JC
   California corporation,
18                                   (Hon. André Birotte Jr.)
                        Plaintiff,
19                                   **DEFENDANTS' MOTION TO
          v.                         DISMISS PLAINTIFF'S
20                                   COMPLAINT; MEMORANDUM
   GUENTHER STEINER, an individual,  OF POINTS AND AUTHORITIES**
21 and TEN SPEED PRESS, an imprint of
   PENGUIN RANDOM HOUSE LLC, a       Hearing Date:    Aug. 2, 2024
22 Delaware corporation,             Hearing Time:    10:00 a.m.

23                      Defendants.

24

25

26

27

28

DMFIRM #412950563 v1

**MOTION TO DISMISS COMPLAINT**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on August 2, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-titled Court, located at First Street U.S. Courthouse, 350 West First Street, Los Angeles, CA 90012, Courtroom 7B, Seventh Floor, Defendants Guenther Steiner and Ten Speed Press, an imprint of Penguin Random House LLC ("Defendants"), will and hereby do move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Haas Automation, Inc.'s ("Plaintiff") Complaint.

Pursuant to Local Rule 7-3 and this Court's Standing Order for Civil Cases, § 12(b), counsel for Defendants met and conferred with Plaintiff's counsel on June 6, 2024, to discuss thoroughly the substance of the Motion to Dismiss and the legal basis therefor, and any potential resolution; and followed up with a letter to Plaintiff's counsel on June 13, 2024 summarizing the arguments in their meet and confer. Declaration of Elizabeth Schilken, ¶¶ 5-6.

The Motion is made on the following grounds:

(1) The Complaint's First, Second, and Third Causes of Action, for trademark infringement under 15 U.S.C. § 1114, trade dress infringement under 15 U.S.C. § 1125(a)(3), and false designation of origin under 15 U.S.C. § 1125(a), respectively, fail as a matter of law because the uses of Plaintiff's trademarks in Defendants' nonfiction book *Surviving to Drive: A Year Inside Formula 1* (the "Book"), which tells the story of Mr. Steiner's experience as team principal of the Haas Formula 1 Team, are artistically relevant to the Book and not explicitly misleading. *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989); *Twentieth Century Fox TV v. Empire Distrib., Inc.*, 875 F.3d 1192, 1196 (9th Cir. 2017); *E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc.*, 547 F.3d 1095, 1098 (9th Cir. 2008).

(2) The First, Second, and Third Causes of Action fail as a matter of law for the additional reason that the uses of Plaintiff's trademarks in the Book

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

2

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

1   are nominative fair uses. *Mattel Inc. v. Walking Mt. Prods.*, 353 F.3d

2   792, 809 (9th Cir. 2003).

3   (3) The Complaint's Fourth Cause of Action for common law unfair business

4   practices fails along with the Lanham Act claims because the use of

5   Plaintiff's trademarks is protected under the First Amendment. *E.S.S.*

6   *Entm't 2000*, 547 F.3d at 1101 (affirming dismissal of claims under

7   Lanham Act <u>and</u> Cal. Bus. & Prof. Code § 17200, which provides a cause

8   of action for unfair competition/unfair business practices, where

9   trademark claims failed on First Amendment grounds).

10   Because Plaintiff's lawsuit is "'groundless, unreasonable, vexatious, [and]

11   pursued in bad faith,'" *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir.

12   2002), Defendants request an award of their attorneys' fees pursuant to 15 U.S.C.

13   § 1117(a).

14   Defendants' Motion is supported by this Notice of Motion, the

15   accompanying Memorandum of Points and Authorities, Request for Judicial

16   Notice, Declaration of Elizabeth Schilken, Notice of Lodging, Proposed Orders,

17   and all papers and pleadings on file in this action, all matters of which the Court

18   may take judicial notice, and such other and further material and argument as may

19   be presented to the Court.

20

21   Dated: June 28, 2024          **BALLARD SPAHR LLP**

22

23   By:   /s/ Elizabeth L. Schilken
          ELIZABETH L. SCHILKEN

24        Attorneys for Defendants
          GUENTHER STEINER and

25        TEN SPEED PRESS, an imprint of
          PENGUIN RANDOM HOUSE LLC

26

27

28

1

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION ...................................................................................1

II.     FACTUAL AND PROCEDURAL BACKGROUND .................................2

III.    PLAINTIFF'S TRADEMARK AND UNFAIR BUSINESS
        PRACTICES CLAIMS ARE BARRED BY THE FIRST
        AMENDMENT. ......................................................................................5

        A.    Legal Standard .........................................................................5

        B.    The Book's Uses of the Haas Marks Are Protected Under the
              *Rogers* Test..............................................................................6

        C.    In the Alternative, the Book's Uses of Plaintiff's Marks Are
              Protected as Nominative Fair Uses. ....................................10

        D.    Plaintiff's California Common Law Claim for Unfair Business
              Practices Fails Along With the Lanham Act Claims. ..........12

IV.     CONCLUSION ....................................................................................12

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

1

<u>**TABLE OF AUTHORITIES**</u>

2

**Page(s)**

3

**Cases**

4

5   *Abrot v. Mercedes-Benz USA, LLC,*
        No. 2:23-cv-02814-JLS-SK, 2023 U.S. Dist. LEXIS 128554 (C.D.
6       Cal. June 26, 2023) ......................................................................................6

7   *Ashcroft v. Iqbal,*
        556 U.S. 662 (2009) ......................................................................................5
8

9   *Bell Atl. Corp. v. Twombly,*
        550 U.S. 544 (2007) ...............................................................................5, 6, 10
10

11  *Brown v. Elec. Arts, Inc.,*
        724 F.3d 1235 (9th Cir. 2013) .....................................................................8
12

13  *Cairns v. Franklin Mint Co.,*
        292 F.3d 1139 (9th Cir. 2002) .................................................................... 2
14

15  *Dickinson v. Ryan Seacrest Enters.,*
        839 Fed.Appx. 110 (9th Cir. 2020) .............................................................10
16

17  *E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc.,*
        547 F.3d 1095 (9th Cir. 2008) ...............................................................2, 6, 10

18  *ETW Corp. v. Jireh Publ'g, Inc.,*
19      332 F.3d 915 (6th Cir. 2003) ....................................................................7, 9

20  *Hara v. Netflix, Inc.,*
        No. 2:23-cv-03456-RGK-AS, 2023 U.S. Dist. LEXIS 148717 (C.D.
21      Cal. Aug. 23, 2023) ................................................................................8, 10
22
    *Hoang v. Bank of Am., N.A.,*
23      910 F.3d 1096 (9th Cir. 2018) ....................................................................2

24  *Homeland Housewares, LLC v. Euro-Pro Operating LLC,*
        No. CV 14-03954 DDP, 2014 U.S. Dist. LEXIS 156675 (C.D. Cal.
25      Nov. 5, 2014) ...............................................................................................4
26

27  *Jack Daniels Props. v. VIP Prods. LLC,*
        599 U.S. 140 (2023) ...............................................................................2, 8, 9
28

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

ii

*JTH Tax LLC v. AMC Networks Inc.*,
  No. 22 Civ. 6526 (PGG), 2023 U.S. Dist. LEXIS 170363 (S.D.N.Y.
  Sept. 25, 2023)................................................................................................9, 10

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) ..............................................................................3

*Louis Vuitton Mallatier S.A. v. Warner Bros. Ent. Inc.*,
  868 F. Supp. 2d 172 (S.D.N.Y. 2012) ..................................................................3

*Mattel Inc. v. Walking Mt. Prods.*,
  353 F.3d 792 (9th Cir. 2003) ..................................................................2, 10, 11

*New York Racing Ass'n v. Perlmutter Publ.*,
  No. 95-CV-994-FJS, 1996 U.S. Dist. LEXIS 11764 (N.D.N.Y. July
  19, 1996).............................................................................................................7, 8

*P & P Imps., LLC v. Festival Trading, Inc.*,
  No. CV 17-1541-DOC, 2018 U.S. Dist. LEXIS 225770 (C.D. Cal.
  May 15, 2018).........................................................................................................4

*Punchbowl, Inc. v. AJ Press, LLC*,
  90 F.4th 1022 (2024) .............................................................................................8

*Rogers v. Grimaldi*,
  875 F.2d 994 (2d Cir. 1989) ......................................................................*passim*

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ................................................................................6

*Toyota Motor Sales, U.S.A., Inc. v. Tabari*,
  610 F.3d 1171 (9th Cir. 2010) ...........................................................................11

*Twentieth Century Fox TV v. Empire Distrib., Inc.*,
  161 F.Supp.3d 902 (C.D. Cal. 2016) ..................................................................12

*Twentieth Century Fox TV v. Empire Distrib., Inc.*,
  875 F.3d 1192 (9th Cir. 2017) ....................................................................2, 6, 10

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ................................................................................6

*Univ. of Ala. Bd. of Trs. v. New Life Art, Inc.*,
  683 F.3d 1266 (11th Cir. 2012) ............................................................................7

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

*WCVB-TV v. Bos. Athletic Ass'n,*
  926 F.2d 42 (1st Cir. 1991) ........................................................................ 9

**Statutes**

15 U.S.C. § 1114 ........................................................................................ 35

15 U.S.C. § 1117(a) ................................................................................. 2, 13

15 U.S.C. § 1125(a) ..................................................................................... 3

15 U.S.C. § 1125(a)(3) ................................................................................. 3

Cal. Bus. & Prof. Code § 17200 ................................................................... 1

**Other Authorities**

First Amendment .............................................................................. *passim*

Federal Rule of Civil Procedure 12(b)(6) ................................................ 1, 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Guenther Steiner and Ten Speed Press ("Defendants") hereby submit this memorandum of points and authorities in support of their Motion to Dismiss the Complaint of Haas Automation, Inc. ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.    INTRODUCTION

This lawsuit, filed shortly after Mr. Steiner sued Plaintiff's affiliated company Haas Formula, LLC in an employment dispute in North Carolina court, makes the extraordinary claim that Mr. Steiner's *autobiographical book* about his high-profile leadership of Haas Formula, LLC's racing team – known to fans as "Team Haas"– infringes Plaintiff's trademarks in the name "Haas."  Plaintiff's frivolous suit strikes at the heart of long established free speech protections under trademark law, and must be dismissed.

Mr. Steiner is a world-famous Formula 1 racing figure who led Team Haas for ten years, from 2014 through 2023.  During that time, he appeared as himself in multiple seasons of Netflix's documentary series *Drive to Survive*, giving viewers a behind-the-scenes look at Formula 1.  In 2023, Mr. Steiner authored and Ten Speed Press published a 280-page autobiographical book entitled *Surviving to Drive:  A Year Inside Formula 1* (the "Book"), recounting his time as Team Principal of Team Haas.  The Book includes photographs of individuals wearing team uniforms and with racecars which bear the logos of team sponsor Haas Automation.

Plaintiff's Complaint asserts that this use of the Haas name in a nonfiction sports book – an expressive work concerning a subject of public interest – is an infringement of its trademarks and trade dress.  Plaintiff's theory of trademark infringement would, if followed, allow professional sports teams to file suit if an athlete's or coach's memoir happens to include, for example, a picture of the author in a team uniform on the cover.  That is not and has never been the law.  Settled

precedent grounded in the First Amendment forecloses Plaintiff's Lanham Act and common law unfair business practices claims.

First, under the *Rogers* test set forth in the 1989 Second Circuit decision *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989), and subsequently adopted by the Ninth Circuit, the use of Plaintiff's trademarks is both artistically relevant to the Book and not explicitly misleading as to the Book's source. Therefore, it is protected by the First Amendment. *Twentieth Century Fox TV v. Empire Distrib., Inc.*, 875 F.3d 1192, 1196 (9th Cir. 2017); *E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc.*, 547 F.3d 1095, 1098 (9th Cir. 2008). The *Rogers* test, as applied to works like Defendants' which do <u>not</u> use the Plaintiff's marks "as … trademark[s]," was left undisturbed by the 2023 Supreme Court decision in *Jack Daniels Props. v. VIP Prods. LLC*, 599 U.S. 140, 145 (2023).

Second, the uses of the name Haas in the Book are nominative fair uses, which are uses of a plaintiff's mark to refer to the plaintiff. Such uses are protected under the First Amendment and do not constitute trademark infringement. *Mattel Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 809 (9th Cir. 2003). Finally, Plaintiff's single cause of action under California common law for unfair business practices fails for the same reasons as its Lanham Act claims.

Because any amendment to the Complaint would not save Plaintiff's claims, the Court should dismiss Plaintiff's Complaint with prejudice. *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1103 (9th Cir. 2018) ("leave to amend need not be granted when 'any amendment would be an exercise in futility'") (citation omitted). Further, because Plaintiff's lawsuit is "'groundless, unreasonable, vexatious, [and] pursued in bad faith,'" *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir. 2002), Defendants should be awarded their attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a machine tool manufacturing company in Oxnard, California.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Cpt., ¶ 8.  Plaintiff's founder, CEO and sole owner is Gene Haas, who is also the founder and sole owner of Haas Formula, LLC.  Cpt., ¶¶ 8-10, 19.  Haas Formula, LLC competes in Formula 1 racing as the MoneyGram Haas F1 Team, aka Haas Formula 1 Team or "Team Haas."  *See* Complaint, ¶ 19; Exhibit A to Notice of Lodging, pp. 50, 253.[1]

Defendant Guenther Steiner is a renowned Formula 1 racing figure who was Team Principal of the Haas Formula 1 Team for ten years, and appeared as himself in multiple seasons of Netflix's Formula 1 documentary series *Drive to Survive*. *See* RJN, ¶ 3; Declaration of Elizabeth Schilken ("Schilken Decl."), Ex. C (May 13, 2024 *The Athletic* article); *see also* RJN, ¶ 2; Schilken Decl., Ex. B (Complaint in *Guenther Steiner v. Haas Formula, LLC*, No. 24CV019758-590 (N.C. General Court of Justice, Superior Court, April 30, 2024), ¶¶ 1, 7, 20-23).  Mr. Steiner's employment with Haas Formula, LLC ended as of January 1, 2024, and on April 30, 2024, he filed suit in North Carolina state court against Haas Formula for breach of employment contract and other claims.  RJN, ¶ 2; Schilken Decl., Ex. B., ¶ 23.

Only days later, on May 3, 2024, Plaintiff filed its Complaint in the Central District against Mr. Steiner and Ten Speed Press, asserting four causes of action for trademark infringement under 15 U.S.C. § 1114; trade dress infringement under 15 U.S.C. § 1125(a)(3); false designation of origin under 15 U.S.C. § 1125(a); and

---

[1] Because the Complaint incorporates the Book by reference, it may be considered by the Court in deciding this Motion.  Request for Judicial Notice ("RJN"), ¶ 1; *see Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (under the "incorporation by reference" doctrine, a district court deciding a Rule 12(b)(6) motion may properly "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading" (cleaned up)); *Louis Vuitton Mallatier S.A. v. Warner Bros. Ent. Inc.*, 868 F. Supp. 2d 172, 176 n.6 (S.D.N.Y. 2012) (in trademark infringement action, considering copy of the film *The Hangover* on defendants' motion to dismiss, because "the Film is referred to in the complaint and is integral to Louis Vuitton's claims").

California common law unfair business practices.  Cpt., p. 1.

The Complaint alleges that Haas Automation owns registered and unregistered trademarks in the word "Haas" and in logos featuring a stylized version of "Haas" or the letter H.  Cpt., ¶¶ 12-13.  Plaintiff also claims to be the owner of unregistered "trade dress" which is described only as "includ[ing] prominent use of the color red in combination with the colors white and/or black displayed in a visually distinctive manner, stylization, layout, and font." Cpt., ¶ 16.[2] Plaintiff claims that it "enjoys national recognition and goodwill" in this vaguely described set of elements comprising its alleged trade dress.  *Id.*

The Complaint claims that *Surviving to Drive:  A Year Inside Formula 1* – a book published by Ten Speed Press which recounts Mr. Steiner's experiences leading Team Haas at Formula 1 races around the world – infringed Plaintiff's trademarks and alleged trade dress.  *Id.* at ¶¶ 20-21; Ex. A to Notice of Lodging.

The Complaint does not specify how the Book allegedly infringes Plaintiff's trademarks, except to point to a series of photographs taken from the Book and its cover, depicting Mr. Steiner and other team members in Team Haas clothing or racecars. *Id.* at ¶¶ 20-21.  The front cover includes a photograph of one of Team Haas' cars on a blue- and red-striped track,[3] underneath the Book's title and Mr.

---

[2] For this reason alone, Plaintiff's claim for infringement of its purported trade dress should be dismissed.  *P & P Imps., LLC v. Festival Trading, Inc.*, No. CV 17-1541-DOC (JCGx), 2018 U.S. Dist. LEXIS 225770, *25 (C.D. Cal. May 15, 2018) ("Plaintiff's descriptions of its trade dress—pictures in combination with various primary color combinations—do not provide sufficiently 'detailed description' of Plaintiff's trade dress to proceed.") (citation omitted); *Homeland Housewares, LLC v. Euro-Pro Operating LLC*, No. CV 14-03954 DDP (MANx), 2014 U.S. Dist. LEXIS 156675, *8 (C.D. Cal. Nov. 5, 2014) (attaching photograph of product packaging to complaint, and pleading that trade dress consisted of "'color scheme, fonts, phraseology, and overall look and feel,'" "do not sufficiently identify the particular elements of the packaging that [plaintiffs] seek to protect.").

[3] Multi-colored stripes are a safety feature on some Formula 1 racetracks, for example, the red and blue stripes at Circuit Paul Ricard in Le Castellet, France, where one of the races in the Book takes place.  *See* https://www.circuitpaulricard. com/en/the-circuit/technologies-innovations#:~:text=RUN%2DOFF,vehicles

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Steiner's name and picture.  Exhibit A.  The back cover includes a closeup and blurred photograph of a Team Haas racecar, with a quote from team principal Steiner superimposed:

> People talk about football managers being under pressure. Trust me, that's nothing.  Pressure is watching one of your drivers hit a barrier at 190 mph and exploding before your eyes....

Ex. A to Notice of Lodging.  Thus, the Haas logos on the covers are depicted only in photographs of the very racecars Mr. Steiner managed.  *Id.*  The inside jacket of the Book states that *Surviving to Drive* is "[a] high-octane, no-holds-barred account of a year inside Formula 1 from Haas team principal Guenther Steiner, star of *Formula 1:  Drive to Survive*, one of the most successful Netflix series of all time." *Id.*

In addition, the Complaint alleges that unidentified "packaging and advertising" for the Book infringes Plaintiff's trademarks and trade dress, without elaborating. Cpt., ¶¶ 20-21.

## III.   PLAINTIFF'S TRADEMARK AND UNFAIR BUSINESS PRACTICES CLAIMS ARE BARRED BY THE FIRST AMENDMENT.

### A.   Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The complaint's allegations "must be enough to raise a right to relief above the speculative level," and the plaintiff must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [plaintiff's claim]." *Twombly*, 550 U.S. at 555-56 (2007) (brackets added).  Among other things, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to

---

%20going% 20off%20the%20track; Exhibit A, pp. 177-179.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"  *Abrot v. Mercedes-Benz USA, LLC*, No. 2:23-cv-02814-JLS-SK, 2023 U.S. Dist. LEXIS 128554, at *3 (C.D. Cal. June 26, 2023) (quoting *Twombly*, 550 U.S. at 555).

On a motion to dismiss, a court may consider "only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).  "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

As set forth below, Plaintiff's Complaint and the Book that is incorporated by reference therein demonstrate that Plaintiff's Lanham Act and common law unfair business practices claims fail as a matter of law.

**B.  <u>The Book's Uses of the Haas Marks Are Protected Under the <u>*Rogers*</u> Test.</u>**

The First Amendment provides robust defenses to trademark claims against expressive works such as Defendants' nonfiction Book.  Uses of trademarks in such works are protected by the First Amendment if they (1) are artistically relevant to the works, and (2) do not explicitly mislead consumers as to the source or content of the works.  *See Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989) (use of trademark in film title protected); *Twentieth Century Fox TV v. Empire Distrib., Inc.*, 875 F.3d 1192, 1196 (9th Cir. 2017) (noting the Ninth Circuit has "extended this test from titles to allegedly infringing uses within the body of an expressive work."); *E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc.*, 547 F.3d 1095, 1098 (9th Cir. 2008) (applying *Rogers* to claim of trademark and trade dress infringement).

Courts applying *Rogers* have uniformly concluded that accurately

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

1   representing a trademark in the depiction of a real-life event is not trademark

2   infringement. *New York Racing Ass'n v. Perlmutter Publ.*, No. 95-CV-994-FJS,

3   1996 U.S. Dist. LEXIS 11764, *20 (N.D.N.Y. July 19, 1996).  In *New York Racing*

4   *Association*, the owner of Saratoga Race Course sued the defendants for producing

5   goods featuring paintings of horseraces at the track.  In the painting "Field of

6   Dreams," the plaintiff's registered mark "Saratoga" was accurately depicted on a

7   score board, and the plaintiff's "NYRA" logo was depicted on a flag that actually

8   bore the logo.  The defendants argued that "incorporating one of plaintiff's marks

9   in a painting that depicts a scene in which the mark actually exists serves the

10  artistically relevant purpose of accurately depicting that scene," *id.* at *20, and the

11  court agreed the use was protected under *Rogers*.  "The interest of free expression

12  weighs conclusively in defendants' favor for products displaying [this] painting."

13  *Id.*

14      Similarly, in *Univ. of Ala. Bd. of Trs. v. New Life Art, Inc.*, 683 F.3d 1266,

15  1278-1279 (11th Cir. 2012), the Eleventh Circuit applied *Rogers* and found that the

16  defendant's use of the University of Alabama's trademarked football uniforms in

17  paintings, prints and calendars was protected.  "The depiction of the University's

18  uniforms in the content of these items is artistically relevant to the expressive

19  underlying works because the uniforms' colors and designs are needed for a

20  realistic portrayal of famous scenes from Alabama football history." *Id.* (cited with

21  approval in *Jack Daniel's*, 599 U.S. at 154).  *See also ETW Corp. v. Jireh Publ'g,*

22  *Inc.*, 332 F.3d 915, 918, 937 (6th Cir. 2003) (limited edition prints commemorating

23  Tiger Woods' victory at the 1997 Masters Tournament, which depicted Woods on

24  the golf course with past golf legends looking on, did not infringe Woods'

25  trademarks under *Rogers*).

26      Here, the *Rogers* test bars Plaintiff's claims based on use of the Haas

27  trademarks or trade dress.  The Book is a first-hand account of a year spent by

28  Guenther Steiner inside Formula One racing, as Team Principal of the Haas

**MOTION TO DISMISS COMPLAINT**

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Formula 1 Team.  The team's car was emblazoned with the Haas logo, as accurately depicted on the front and back covers.  Similarly, the photographs inside the Book accurately depict the racecars and team uniforms which bore Haas trademarks.  And any uses of the "Haas" word mark within the text of the book are likewise for the purpose of describing Steiner's time with Team Haas.  These uses are artistically relevant and not explicitly misleading.  *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1245 (9th Cir. 2013) (use of retired NFL player's likeness in video game protected under *Rogers*) (in evaluating whether defendant's use is explicitly misleading as to sponsorship, court must ask "whether there was an 'explicit indication,' 'overt claim,' or 'explicit misstatement' that caused such consumer confusion") (citation omitted); *New York Racing Association*, 1996 U.S. Dist. LEXIS 11764 at *20; *University of Alabama*, 683 F.3d at 1278-1279.  There is no overt claim or explicit misstatement whatsoever that Haas Automation endorsed or is the source of the Book.  Thus, the Book is protected under the First Amendment and the Lanham Act claims must be dismissed.

The Supreme Court's recent decision in *Jack Daniels Props. v. VIP Prods. LLC*, 599 U.S. 140, 145 (2023), holding that the *Rogers* test does not apply to expressive works "when the accused infringer has used a trademark to designate the source of its own goods," does not change this outcome.  As the Ninth Circuit held in *Punchbowl, Inc. v. AJ Press, LLC*, 90 F.4th 1022, 1031 (2024), "the Supreme Court's decision in *Jack Daniel's* was confined to a 'narrow' point of law, 599 U.S. at 163, that *Rogers* does not apply when a mark is used as a mark," and thus, "preexisting Ninth Circuit precedent adopting and applying *Rogers* otherwise remains intact[.]"

Thus, courts in the Ninth Circuit recognize that *Rogers* remains controlling in trademark infringement cases against expressive works, outside the narrow exception carved out by *Jack Daniel's*.  *E.g.*, *Hara v. Netflix, Inc.*, No. 2:23-cv-03456-RGK-AS, 2023 U.S. Dist. LEXIS 148717, *5, n.1 (C.D. Cal. Aug. 23, 2023)

(*Rogers* applied to Lanham Act claim against animated TV series and promotional teaser, because the use of plaintiff's likeness did not signify source) ("the alleged infringement does not identify Plaintiff as the source of the Series"); *accord, JTH Tax LLC v. AMC Networks Inc.*, No. 22 Civ. 6526 (PGG), 2023 U.S. Dist. LEXIS 170363, *17, n.2 (S.D.N.Y. Sept. 25, 2023) (*Rogers* applied to trademark claim against TV show *Better Call Saul* and promotional social media posts for the show, because "Defendants have not used Plaintiff's marks 'as [their] "own identifying trademark."'") (citing *Jack Daniel's*, 599 U.S. at 154).

Here, no reasonable claim could be made that the Haas trademarks seen in photographs, or used within the text, performed a source-identifying function as discussed in *Jack Daniel's*. The sources of the Book are the author and publisher, Steiner and Ten Speed Press. Mr. Steiner is identified as the author on the cover. The fact that the cover also includes a photograph of a racecar driven by the Haas Team – upon which is painted the logo of team sponsor Haas Automation – would not lead a reasonable person to think that Haas Automation was the source of the Book. *Cf. Jack Daniel's*, 599 U.S. at 159-60 (use of plaintiff's trademarks and trade dress in "Bad Spaniels" dog toy was not subject to *Rogers* test, where defendant conceded marks were used as source identifier for defendant's goods).

Similarly, the statement on the Book jacket that *Surviving to Drive* is "[a] high-octane, no-holds-barred account of a year inside Formula 1 from Haas team principal Guenther Steiner, star of *Formula 1: Drive to Survive*, one of the most successful Netflix series of all time," does not identify the source of the memoir as Haas Automation, or even Team Haas. Rather, the source of the Book is clearly identified as Guenther Steiner, who would necessarily have to be described as principal of Team Haas.[4] *See also ETW Corp.*, 332 F.3d at 920-21 (use of Tiger

---

[4] By way of comparison, if the book jacket of a famous coach's autobiography describes him as the coach of a specific professional team, no reasonable reader would assume the team was the source of the book.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Woods' name on the back of the envelope containing *Masters of Augusta* painting sold by defendant, and in narrative description of painting, were "purely descriptive and there is nothing to indicate that they were used other than in good faith.").

With respect to the Complaint's vague allegations that the Haas trademarks are used in the book's "packaging and advertising," Cpt. ¶¶ 20-21, Plaintiff has failed to plead facts establishing a plausible claim to relief.  The Complaint pleads no facts identifying any such packaging or advertising, only a conclusory statement.[5] *Twombly*, 550 U.S. at 555.  Even if Plaintiff could plead supporting facts, any Lanham Act claims would be foreclosed by *Rogers*.  *Twentieth Century Fox TV*, 875 F.3d at 1196-1197 (TV show and advertising and merchandising protected under *Rogers*); *Dickinson*, 839 Fed.Appx. 110, 111-112 (9th Cir. 2020) (advertisements for reality TV show protected by *Rogers*); *accord, JTH Tax*, 2023 U.S. Dist. LEXIS 170363 at *13, n.2 (use of trademarks in social media posts for *Better Call Saul* was subject to *Rogers*) ("The *Rogers* balancing test applies … to expressive works of a hybrid nature, combining artistic expression and commercial promotion.") (cleaned up); *Hara*, 2023 U.S. Dist. LEXIS 148717 at *5, n.1.

## C.   In the Alternative, the Book's Uses of Plaintiff's Marks Are Protected as Nominative Fair Uses.

Plaintiff's trademark claims are barred for the additional reason that Defendants' uses of the marks are nominative fair uses.  "[A] defendant's use of a plaintiff's mark is nominative where he or she 'used the plaintiff's mark to describe the plaintiff's product, even if the defendant's ultimate goal is to describe his own product.' … The goal of a nominative use is generally for the 'purposes of comparison, criticism [or] point of reference.'" *Mattel Inc. v. Walking Mt. Prods.*,

---

[5] The Book's cover and jacket do not comprise "packaging or advertising," but instead are part of the Book itself. Even if they could be considered packaging or advertising, they are subject to the same *Rogers* test.  *See Twentieth Century Fox TV*, 875 F.3d at 1196-97; *Dickinson v. Ryan Seacrest Enters.*, 839 Fed.Appx. 110, 111-12 (9th Cir. 2020); *Hara*, 2023 U.S. Dist. LEXIS 148717 at *5, n.1.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

1    353 F.3d 792, 809 (9th Cir. 2003) (citations omitted) (artist's use of Mattel's trade

2    dress by using Barbie dolls in his artistic works was a nominative fair use).

3        A defendant's use of a trademark to refer to the plaintiff's product or service

4    is a protected nominative fair use if (1) the product or service is not readily

5    identifiable without use of the trademark, (2) only so much of the plaintiff's mark is

6    used as is reasonably necessary to identify the product or service, and (3) the

7    defendant does not suggest sponsorship or endorsement by the trademark holder.

8    *Id.* at 810.[6]  This test is used in the Ninth Circuit as a replacement for the traditional

9    likelihood-of-confusion analysis.  *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610

10   F.3d 1171, 1182 (9th Cir. 2010).  Plaintiff bears the burden of proving the use is *not*

11   a nominative fair use.  *Id.* at 1183.

12       Here, the uses of the Haas trademarks easily satisfy the nominative fair use

13   test.  First, while the trademarked term "Haas" is used to describe Mr. Steiner's

14   position (principal of Team Haas), it is also a reference to Plaintiff.  Because

15   Plaintiff is the team sponsor, referencing the team or depicting the cars requires

16   referencing Plaintiff, and Plaintiff is not readily identifiable without use of the

17   "Haas" marks.  Second, no more of the Haas trademarks are used than is necessary

18   to identify Plaintiff, in the context of the Book's expressive purpose. Any

19   photograph of someone in a Team Haas uniform, for example, will *necessarily*

20   depict Plaintiff's logo.  Third, there is nothing in the Book or its marketing that

21   would falsely suggest that Plaintiff endorsed, sponsored or was affiliated with the

22   Book or its author/publishers.  *WCVB-TV v. Bos. Athletic Ass'n*, 926 F.2d 42, 46

23   (1st Cir. 1991) (denying preliminary injunction against TV station that used

24   plaintiff's trademark BOSTON MARATHON in broadcast of event) ("those words

25   do more than call attention to Channel 5's program; they also *describe* the event

26   that Channel 5 will broadcast. Common sense suggests …that a viewer who sees

27   _____

28   [6] The third element "does not require that the defendant make an affirmative
     statement that their product is not sponsored by the plaintiff." *Id.* at 811.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

those words flash upon the screen will believe simply that Channel 5 will show…

the marathon, not that Channel 5 has some special approval from the [trademark

owner] to do so.").  There are photo credits to *Haas Formula, LLC* in the book, but

as would be obvious to any reasonable reader, that was because credit was owed to

Team Haas for use of their images, which they provided.  Ex. A, p. 283.[7]  The

Lanham Act claims are subject to dismissal for the additional reason that the uses

of Plaintiff's trademarks are nominative fair uses.

### D.   Plaintiff's California Common Law Claim for Unfair Business Practices Fails Along With the Lanham Act Claims.

Plaintiff's common law unfair business practices claim is subject to dismissal

for the same reasons as its trademark infringement claims.  *E.S.S. Entm't 2000, Inc.

v. Rock Star Videos, Inc.*, 547 F.3d 1095, 1101 (9th Cir. 2008) (affirming dismissal

of claims under Lanham Act and Cal. Bus. & Prof. Code § 17200, which provides a

cause of action for unfair competition/unfair business practices, based on *Rogers*

test); *see Twentieth Century Fox TV v. Empire Distrib.*, 161 F.Supp.3d 902, 910

(C.D. Cal. 2016) (conclusion that First Amendment barred Lanham Act claim also

barred unfair competition claim).  The unfair business practices claim is based on

the same theory of liability as the Lanham Act claims, and there can be no unfair

business practice when Defendants lawfully engaged in activity protected by the

First Amendment.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court

dismiss Plaintiff's Complaint in its entirety, and award Defendants their attorneys'

---

[7] Prior to the disruption in the parties' relationship, Haas Formula, LLC posted
numerous tweets promoting the Book and even gave some copies of the Book
away.  Request for Judicial Notice, ¶ 4; Declaration of Elizabeth Schilken, Ex. E.
Thus, even if the photo credits *did* imply endorsement, Haas Formula, LLC
endorsed the Book.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

1 | fees pursuant to 15 U.S.C. § 1117(a) upon Defendants' filing of a noticed motion.

2 | Respectfully submitted,

3

4 | Dated: June 28, 2024          **BALLARD SPAHR LLP**

5 | By:  /s/ Elizabeth L. Schilken

6 | ELIZABETH L. SCHILKEN
Attorneys for Defendants

7 | GUENTHER STEINER and
TEN SPEED PRESS, an imprint of

8 | PENGUIN RANDOM HOUSE LLC

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

## __Certificate of Compliance__

The undersigned, counsel of record for Defendants Guenther Steiner and Ten Speed Press, certifies that this brief contains 4,102 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 28, 2024                    */s/ Elizabeth Schilken*
                                        _____
                                        Elizabeth Schilken

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400